**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GLENN GIANSIRACUSA,

    Plaintiff,

vs.

PHH MORTGAGE CORPORATION, F/K/A
OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/

CASE NO.:

(Formerly Pinellas County Circuit Court Case No. 20-00-3084-CI)

## DEFENDANT'S NOTICE OF REMOVAL

Defendant PHH MORTGAGE CORPORATION, F/K/A OCWEN LOAN SERVICING, LLC ("PHH MC") hereby removes the action currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 20-00-3084-CI (the "State Court Action"), to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.  Federal question jurisdiction arises under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and regulations promulgated pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. 1024.35(e)(1). The grounds for removal of the State Court Action are more fully set forth below.

    **A.**    **BACKGROUND & CONDITIONS OF REMOVAL**

    1.    On or about June 26, 2020, GLENN GIANSIRACUSA ("Plaintiff") filed this lawsuit in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, Civil Case No. 20-00-3084-CI.  Plaintiff has asserted causes of action against PHH MC for

alleged violations of the FDCPA, FCRA, RESPA, and the Florida Consumer Collection Practices Act ("FCCPA").

2. Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of PHH MC's rights to assert any defenses or affirmative claims, including a counterclaim.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days from the date of PHH MC's receipt of the initial pleading.

5. This action is not a non-removable action as described under 28 U.S.C. § 1445.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit "A."**

7. In accordance with 29 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, PHH MC has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing Notice of Removal with the Clerk of the Court for the Sixth Judicial Circuit in Pinellas County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit "B."**

### B.  THE COMPLAINT

8. Plaintiff sued PHH MC seeking damages for purported violations of the FDCPA, FCRA, RESPA and FCCPA based upon allegations that PHH MC improperly and willfully assessed and attempted to collect incorrect fees and charges that were not legitimate

and/or against the terms of Plaintiff's mortgage loan, reported incorrect information about his mortgage loan to consumer reporting agencies, and failed to adequately respond to a purported Notice of Error.  *See* **Composite Exhibit "A."**

9. Plaintiff alleges claims under the FDCPA pursuant to 15 U.S.C. 1692e, FCRA pursuant to 15 U.S.C. 1681s-2(b), and RESPA pursuant to 12 C.F.R. § 1024.35(e)(1).

### C.  FEDERAL QUESTION JURISDICTION

10. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending."  This Court has original jurisdiction under 28 U.S.C. § 1331 because there are claims under federal law - the FDCPA, FCRA and RESPA.

11. This Court also has supplemental jurisdiction over Plaintiff's state law claim brought under the FCCPA.  Such claim is based upon the same factual allegations as Plaintiff's claim for violation of the FDCPA and thus, "are so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

### D.  CONCLUSION

12. Removal of this case is timely and appropriate, and this Court has federal question jurisdiction over the FDCPA, FCRA, and RESPA claims and supplemental jurisdiction over the state law FCCPA claim in this action.  PHH MC respectfully requests that this Court take jurisdiction over this matter and remove this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida to the United States District Court

for the Middle District of Florida.

**WHEREFORE** Defendant PHH MC respectfully requests that the aforesaid action now pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, No. 20-00-3084-CI be removed to this Honorable Court.

Respectfully submitted,

By: /s/ *Linda M. Reck*
Linda M. Reck, Esq.
Florida Bar No. 669474
**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, FL 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 420-5909
E-mail:   *reckl@gtlaw.com*
             *culpepperd@gtlaw.com*
             *FLservice@gtlaw.com*

Patrick G. Broderick, Esq.
Florida Bar No. 88568
**GREENBERG TRAURIG, P.A.**
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7915
Facsimile: (561) 655-6222
E-mail:   *broderickp@gtlaw.com*
             *FLService@gtlaw.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 22, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the State of Florida e-filing system which will send a notice of electronic service to: Young Kim, Esq., litigation@consumerlawattorneys.com, ykim@consumerlawattorneys.com, Consumer Law Attorneys, 2727 Ulmerton Rd., Suite 270, Clearwater, Florida 33762.

/s Linda M. Reck

*ACTIVE 51601655v1*